**Jose Luis LOPEZ–PEREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–72437.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.*

Decided Nov. 1, 2005.

Andrea Guerrero, Law Offices of Andrea Guerrero, San Diego, CA, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jennifer Paisner, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Luis Lopez–Perez petitions for review of the Board of Immigration Appeals' order which concluded that the application of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 99–603, 100 Stat. 3359, to Lopez–Perez was not impermissibly retroactive. The facts and prior proceedings are known to the parties, and are restated herein only as necessary.

### I

■ The elements that made retroactive application of IIRIRA problematic in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), are either lacking here or have already been discussed and dismissed by prior Ninth Circuit precedent. Lopez–Perez's attempt to distinguish his position from *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594 (9th Cir.2002), based on his application for amnesty through the Seasonal Agricultural Worker ("SAW") program, is unavailing. *Jimenez–Angeles* compels the conclusion that Lopez–Perez's actual loss—the ability to live undetect-

ed—is not a benefit commensurate with the loss of constitutional rights. 291 F.3d at 602.

Lopez–Perez had no settled expectation of a right to apply for suspension of deportation. It appears that Lopez–Perez only recently became aware of the suspension of deportation remedy, so he could not have had settled expectations that the remedy would apply to him. Even Lopez–Perez's more modest argument—that he believed his SAW application would not be used to his detriment—reflects the sort of speculative belief that cannot be the basis for settled expectations. *Jimenez–Angeles*, 291 F.3d at 602.

### II

■ Lopez–Perez cannot establish that a *quid pro quo* benefitting the government existed. To do so he must show that a *formal* exchange existed, such as that seen in a plea bargain. *See INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also Jimenez–Angeles*, 291 F.3d at 602 (noting that a plea bargain is a formal, consensual exchange). Indeed, *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105 (9th Cir.2003), noted the "uniqueness" of St. Cyr's plea bargain *quid pro quo* situation. *Id.* at 1108 (citing *Uspango v. Ashcroft*, 289 F.3d 226 (3d Cir.2002) (noting, similarly, the uniqueness of St. Cyr's plea bargain)); *see also Lopez–Urenda*, 345 F.3d 788, 795 (9th Cir.2003) (concurring with *Vasquez–Zavala* that plea bargains present a unique situation). Lopez–Perez cannot satisfy this "unique" fact pattern requirement through interactions with the government as part of a long-standing, impersonal, and broad amnesty program.

Lopez–Perez cannot meaningfully distinguish his case from existing Ninth Circuit

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

precedent and cannot demonstrate that the application of IIRIRA would have an impermissibly retroactive effect.

AFFIRMED.